# IN THE SEVENTH CIRCUIT COURT OF APPEALS
## CASE NO.: 14-3057

| | |
|---|---|
| EMILY HERX, | ) |
| Plaintiff-Appellee, | ) Appeal from the United States District Court<br>) Northern District of Indiana<br>) Fort Wayne Division |
| v. | ) |
| DIOCESE OF FORT WAYNE-<br>SOUTH BEND INC. AND ST. VINCENT<br>DE PAUL SCHOOL, | ) CASE NO: 1:12-CV-122-RLM-RBC<br>) The Honorable Robert L. Miller, Jr. |
| Defendants-Appellants. | ) |

## DEFENDANTS-APPELLANTS' DOCKETING STATEMENT

Defendants Diocese of Fort Wayne–South Bend, Inc. and St. Vincent DePaul School (collectively "the Diocese") by their attorneys M. Scott Hall and John Theisen, submit this Docketing Statement pursuant to Seventh Circuit Rule 3(c).

### INFORMATION REQUIRED BY SEVENTH CIRCUIT RULE 28(a)(1)

The Complaint and Demand for Jury Trial ("Complaint") filed in this case on April 20, 2012 named as Plaintiff, Emily Herx ("Herx"), and named as Defendants the Diocese of Fort Wayne-South Bend, Inc. and St. Vincent DePaul School. The Complaint asserts claims of sex discrimination under Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act ("Title VII"), 42 U.S.C. 2000e *et seq.* and claims of disability discrimination under Title 1 of the Americans with Disabilities ("ADA"), 42 U.S.C. §12101 *et seq.* (See DKT. 1).

The district court has federal question jurisdiction over Herx's Title VII claims pursuant to 42 U.S.C. 8 2000e-5(f)(3) and 28 U.S.C §1331. The district court has federal question jurisdiction

1

over Herx's claims under the ADA pursuant to 42 U.S.C. §12117, 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1331.

**INFORMATION REQUIRED BY SEVENTH CIRCUIT RULE 28(a)(2)**

The Diocese appeals from portions of an Opinion and Order entered on September 3, 2014, by the district court, the Honorable Robert L. Miller, Jr., presiding. Specifically, the Diocese seeks appellate review of the portions of the District Court's Opinion and Order that:

1) denied application of the statutory religious employer exemptions under 42 U.S.C. §2000e – 1(a) and 42 U.S.C. § 2000e -2(e)(2) to the Diocese, as a religious employer, concerning its religiously based employment decision at issue in Herx's sex discrimination claims under Title VII;

2) denied the Diocese's First Amendment defenses to the constitutionality of Title VII, as applied in this case, if the above referenced statutory exemptions are not applied;

3) found that Catholic Church teachings on the morality of in vitro fertilization ("IVF"), which the Diocese claims apply to both men and women, are not gender neutral; and

4) ordered that the sincerity of the Diocese's religious beliefs about the morality of IVF as the basis for the nonrenewal of Herx's teacher contract, and the Diocese's prospective application of those religious beliefs to any male employee who may be discovered to be engaging in IVF procedures, are for a jury to decide.

The United States Court of Appeals for the Seventh Circuit has jurisdiction over this appeal pursuant to 28 U.S.C. §1291 in conjunction with the collateral order doctrine. See *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 546 (1949).

In the alternative, the Seventh Circuit has jurisdiction pursuant to 28 U.S.C. §1291 in conjunction with the practical finality doctrine. See *Travis v. Sullivan*, 985 F.2d 919, 922-23 (7th Cir. 1993). In the second alternative, the Seventh Circuit has jurisdiction pursuant to the doctrine that appellate review of an interlocutory order may be obtained under 28 U.S.C. § 1292(a)(1) if the order has both the effect of granting or refusing an injunction and if "an appeal will further the statutory purpose of permitting litigants to effectually challenge interlocutory orders of serious, perhaps irreparable consequence." *Carson v. Am. Brands*, 450 U.S. 79, 84 (1981) (internal punctuation and citations omitted); *see also Matter of Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997).

The Diocese filed its Notice of Appeal on September 12, 2014. (DKT. 137). The Notice of Appeal was timely filed within 30 days after the Opinion and Order of September 3, 2014. Fed. R. App. Proc. 4(a)(1)(A).

## INFORMATION REQUIRED BY SEVENTH CIRCUIT RULE 28(a)(3)

The district court's September 3, 2014, Opinion and Order is a final adjudication of some, but not all, claims in this case. The district court granted the Diocese's summary judgment motion with respect to Herx's claims under the ADA but denied the Diocese's motion for summary judgment with respect to Herx's claims under Title VII. The case is scheduled to go to trial before a jury in Fort Wayne, Indiana on December 16, 2014.

The subject of the present appeal is the denial of the statutory religious employer exemptions to the Diocese under 42 U.S.C. §2000e-1(a) and 42 U.S.C. §2000e-2(e)(2), as a religious employer, concerning its religiously based decision to not renew Herx's teacher contract because she engaged in IVF. The Diocese also appeals the district court's finding that Catholic Church teachings on the morality of IVF, which the Diocese claims apply to both men and women, are not gender neutral. It also appeals the district court's order that the jury should be allowed to assess the sincerity of the Diocese's religious beliefs when it is undisputed in the record the decision to not renew Herx's contract was religiously based, i.e. because she participated in IVF. The Diocese also appeals the district court's denial of the Diocese's contention that Title VII, as applied in this case if the statutory exemptions are not applied, is unconstitutional under the First Amendment.

Although some claims remain for disposition in the district court, the Seventh Circuit has jurisdiction over the present appeal under 28 U.S.C. §1291 and the collateral order doctrine. See *Cohen*, 337 U.S. at 546. Collateral order review is based on a "practical" construction of the final judgment requirement embodied in 28 U.S.C. §1291. See, *Ott v. City of Milwaukee*, 682 F.3d 552, 554 (7th Cir. 2012). The doctrine permits an immediate appeal under 28 U.S.C. §1291 of an interlocutory decision if: (1) the decision conclusively determines an important issue; (2) that issue is collateral to the merits of the action; (3) the issue would be effectively unreviewable if immediate appeal were not available and the appellant is threatened with irreparable harm if an appeal is not permitted. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978); *Cohen*, 337 U.S. at 546; *United States v. Michelles Lounge*, 39 F.3d 684, 692-93 (7th Cir. 1994).

The district court's denial of the Diocese's motion for summary judgment as to Herx's Title VII claims and requiring the Diocese to proceed to trial rather than finding it exempt and immune from suit under the statutory religious employer exemptions and the First Amendment to the United States Constitution satisfies the requirements of the collateral order doctrine.

The D.C. Court of Appeals, which adheres to the federal collateral order doctrine, has previously concluded that orders similar to the summary judgment order here meet all of the relevant criteria and are immediately appealable. *See, e.g., Heard v. Johnson,* 810 A.2d 871, 876-77 (D.C. 2002) (denial of motion to dismiss defamation claim filed by pastor against a church); *Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith of Wash. D.C. v. Beards,* 680 A.2d 419, 425-26 (D.C. 1996) (denial of motion to dismiss claim against a church for negligent accounting of its funds); *United Methodist Church, Baltimore Annual Conference v. White,* 571 A.2d 790, 791-93 (D.C. 1990) (denial of motion to dismiss claim by minister against a church for wrongful discharge).

The Seventh Circuit has allowed appeals pursuant to the collateral order doctrine in cases where the district judge ruled that a federal jury would decide a matter on which there was an authoritative church ruling on the issue. *McCarthy v. Fuller,* 714 F.3d 971, 975 (7th Cir. 2012). "A secular court may not take sides on issues of religious doctrine." *Id.* "A secular court must be allowed to decide, however, whether a party is correct in arguing that there is an authoritative church ruling on an issue, a ruling that removes the issue from the jurisdiction of that court." *McCarthy,* 714 F.3d at 976, citing *Tomic v. Catholic Diocese of Peoria,* 442 F.3d 1036, 1039 (7th Circ. 2008) and *Serbian Eastern Orthodox Diocese v. Milivojevich,* 426 U.S. 696, 715-716 (1976).

### 1. The summary judgment order is effectively final.

5

The first requirement of the collateral order doctrine is that the matter to be reviewed must be finally disposed of by the district court so that its decision is final, not tentative, informal or incomplete. *McCarthy*, 714 F.3d at 974-975. See also, 15A Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure §3911, p.333 (2d ed. 1992). The mere fact that Fed. R. Civ. P. 54(b) gives the district court the right to reconsider any order at any time before formal entry of judgment does not defeat collateral order finality. See, *Moses H. Cone, Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U. S. 1, 12-13 and n.14. It is enough that further consideration of the matter is not contemplated. See *Id.*; *Montano v. City of Chicago*, 375 F.3d 593, 598 (7th Cir. 2004); *In re Cont'l Ill. Sec. Litig.,* 732 F.2d 1302, 1307-08 (7th Cir. 1984).

There is nothing tentative about the district court's summary judgment ruling in this case. The court made clear it had jurisdiction to allow the jury to assess the Diocese's religiously based decision, and there is no indication that the court would be willing to reconsider the matter in the future. So this order is, for all practical purposes, the district court's final word on the subject.

## 2. The summary judgment order presents important issues completely separate from the merits.

The **jurisdiction or authority** of the district court to allow the jury to decide the issue of whether Herx was discriminated against in violation of Title VII is an important matter that is completely separate from the merits of the case.

As Judge Posner noted in *McCarthy, supra,* "'completely' is an overstatement, since the principal current application of the doctrine is to appeals from denials of official immunity." *McCarthy*, 714 F.3d at 975. As in *McCarthy,* the district judge's ruling challenged by the Diocese is closely akin to a denial of official immunity. *Id.* "A secular court may not take sides on issues of religious doctrine." *Id, citing Hosanna-Tabor Evangelical Lutheran Church & School v. EEOC,*

6

132 S. Ct. 694, 702-07, 181 L. Ed. 2d 650 (2012); *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U. S. 696, 708-20, 96 S. Ct. 2372, 49 L. Ed. 2d 151 (1976); *Kedroff v. St. Nicholas Cathedral*, 344 U. S. 94, 115-16, 73 S. Ct. 143, 97 L. Ed. 120 (1952); *Askew v. Trustees of General Assembly of Church of the Lord Jesus Christ of the Apostolic Faith Inc.*, 684 F.3d. 413, 415 (3d Cir. 2012).

The district judge in this case has ruled that a federal jury shall decide whether Herx was discriminated against on the basis of her sex even though it is undisputed the decision to not renew her contract was religiously based, i.e. because she engaged in IVF in violation of Church teachings. The only apparent basis for the district court's ruling is its determination that the Catholic Church's teachings against participating in IVF are not gender neutral. The Diocese claims those teachings apply to both men and women but, nevertheless, the district court apparently found the teachings to be direct evidence of sex discrimination. According to the district court a jury is not bound to accept the Diocese's view of the gender-neutrality of Church teachings, and "(t)he triable issue is whether Mrs. Herx was not renewed because of her sex, or because of a sincere belief about the morality of in vitro fertilization." (DKT. 135 p.18-19).

The Diocese contends it has complete immunity with respect to its religiously based decision due to the religious employer exemptions in Title VII, exemptions which have been described as "categorical, not contingent." *Korte v. Sebelius*, 735 F.3d 654, 678 (7th Cir. 2013).

> The religious-employer exemptions in Title VII and the ADA are legislative applications of the church-autonomy doctrine. By their terms the exemptions are limited to religiously affiliated employers, a limitation that makes sense in light of the rationale for the rule. **The exemption is categorical, not contingent; there is no balancing of competing interests, public or private. In other words, where it applies, the church-autonomy principle operates as a complete immunity, or very nearly so.**

*Id.* (emphasis added)

Properly applied, as stated by the Court in *Korte*, the statutory exemptions in Title VII act to preserve and protect the Diocese's freedom to exercise its constitutionally protected right to make religiously based employment decisions without governmental interference. Putting the sincerity and meaning of the Diocese's religious beliefs on trial before a jury should be prohibited based on these statutory exemptions.

### 3. The Opinion and Order would be effectively unreviewable and the Diocese will be harmed irreparably if the challenge is postponed to an appeal from the trial judgment.

If the defense of immunity is erroneously denied and the Diocese has to undergo a trial before the error is corrected, the Diocese will have been irrevocably deprived of one of the benefits – freedom from having to undergo a trial – that this immunity was intended to give it. *McCarthy*, 714 F. 3d at 975.

The Diocese contends it will be irreparably harmed by the district court's order allowing a federal jury to decide whether the Diocese's decision to not renew Herx's teacher contract because she engaged in IVF was based on a sincere belief about the morality of IVF or because of her sex. In making its ruling, the district court rejected the Diocese's contentions that it was immune from suit under the circumstances of this case by virtue of the religious employer exemptions in Title VII and the First Amendment to the Constitution. The district court also rejected the Diocese's contention that there was no evidence of sex discrimination, finding that the Catholic Church's teachings against engaging in IVF were gender-specific despite the Diocese's claims to the contrary, and, therefore, direct evidence of sex discrimination.

The Diocese contends that its freedom from having to undergo a trial under the circumstances of this case (including that it is undisputed the decision to not renew was religiously

8

based) was unlawfully denied. The Diocese contends that satisfies the requirement that to be appealable as a collateral order the order must (unless reversed) wreak irreparable harm on the appellant. *McCarthy*, 714 F.3d at 975.

### 4. The error is determinable without an evidentiary hearing.

The Seventh Circuit has added the further condition that the error be determinable without an evidentiary hearing. *McCarthy*, 714 F.3d at 975.

The errors asserted by the Diocese are determinable without an evidentiary hearing. The religious employer exemptions in Title VII and the constitutional questions are all questions of law, not dependent on any factual determinations. It is undisputed in the record that:

a) The Catholic Church teaches that participation in IVF is immoral;

b) Herx engaged in IVF and, when confronted about this by the Diocese, expressed no remorse and chose to continue her IVF treatments;

c) Herx's teacher contract was not renewed by the Diocese because she engaged in IVF.

### CONCLUSION

This Court has appellate jurisdiction.


Respectfully submitted,

HALL & GOODEN LLP


s/ M. Scott Hall
M. Scott Hall, #12060-49
810 South Calhoun Street, Suite 100
Fort Wayne, IN 46802
Telephone: (260) 422-2035
Fax: (260) 424-2541
Attorney for Defendants

THEISEN & ASSOCIATES, LLC

s/ John C. Theisen
John C. Theisen, #549-02
810 South Calhoun Street, Suite 200
Fort Wayne, IN 46802
Telephone: (260) 422-4255
Facsimile: (260) 422-4245
Attorney for Defendants

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using its CM/ECF system this 22nd day of September, 2014, which will send notification of such filing to the following CM/ECF recipients:

Kathleen A. DeLaney, Esq.
DeLaney & DeLaney LLC
3646 Washington Blvd
Indianapolis, IN 46205

s/ M. Scott Hall
M. Scott Hall