No. 14-3057
_____

# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT
_____

EMILY HERX,
*Plaintiff-Appellee*,

　　　　v.

DIOCESE OF FORT WAYNE-SOUTH BEND, INC. AND ST. VINCENT DE PAUL SCHOOL,
*Defendants-Appellants*.

_____

**Appeal from the United States District Court
for the Northern District of Indiana
Case No. 1:12-cv-00122
The Honorable Robert L. Miller Presiding**
_____

**PLAINTIFF-APPELLEE'S MOTION TO DISMISS APPEAL**

_____

　　　　　　　　　　　　　　　　DeLaney & DeLaney LLC
　　　　　　　　　　　　　　　　Kathleen A. DeLaney
　　　　　　　　　　　　　　　　3646 North Washington Blvd.
　　　　　　　　　　　　　　　　Indianapolis, IN 46205
　　　　　　　　　　　　　　　　Tel. 317-920-0400
　　　　　　　　　　　　　　　　Fax 317-920-0404
　　　　　　　　　　　　　　　Kathleen@delaneylaw.net

　　　　　　　　　　　　　　　　Attorney for Plaintiff-Appellee, Emily Herx

Appellee Emily Herx ("Herx"), by counsel and pursuant to Rule 27(a) of the Federal Rules of Appellate Procedure, respectfully requests that this Court dismiss the appeal filed by Appellants as impermissible under 28 U.S.C. § 1291 and/or §1292(b), and remand this case to the United States District Court for the Northern District of Indiana for trial.

I.    Introduction

This Court lacks jurisdiction over the District Court's Opinion and Order on Summary Judgment at this stage of the case. Appellants have followed neither the United States Code, nor the Federal Rules of Appellate Procedure in filing this appeal. This case has been pending for almost two and a half years, and is scheduled for jury trial on December 16, 2014. Appellants' Notice of Appeal filed on September 12, 2014, refers to "immunities" and the Docketing Statement includes a claim of "immunity." At no prior stage of the proceeding did Appellants preserve an immunity defense – not in the Answer, not in the Motion for Judgment on the Pleadings, and not in the Motion for Summary Judgment. The belated assertion of "immunity from trial" aims to delay the case in order to jeopardize the trial date.

The challenged order is not a final order and is not appealable as of right under 28 U.S.C. §1291. It was not certified for interlocutory appeal, so it is not appealable under 28 U.S.C. §1292(b). In fact, Appellants did not request certification. Finally, the appeal is not permitted under the collateral order doctrine because the order does not meet the mandatory criteria of finality, separability, and/or practical unreviewability on appeal from a final judgment. Herx respectfully requests that this Court immediately dismiss the appeal.

II.   Procedural History

After exhausting administrative remedies and obtaining a favorable determination from the Equal Employment Opportunity Commission, Herx brought claims for gender and pregnancy

discrimination under Title VII and the Pregnancy Discrimination Act, and disability discrimination under the Americans with Disabilities Act. Herx sued her former employers, Appellants Diocese of Fort Wayne-South Bend, Inc. ("Diocese") and St. Vincent de Paul School ("School") on April 20, 2012, in the United States District Court for the Northern District of Indiana. Herx's claims arise out of Appellants' decision not to renew her Regular Teacher Contract because she engaged in in vitro fertilization ("IVF"). It is undisputed that Appellants terminated Herx for undergoing IVF, which was her medical treatment for diagnosed infertility. What remains hotly disputed is whether Appellants discriminated against Herx on the basis of her gender, pregnancy status, and/or disability in the challenged employment decision.

  Herx requested time off of work for IVF, which required multiple surgeries under general anesthesia. Her time off request was reported to the Pastor, Monsignor John Kuzmich. Msgr. Kuzmich required Herx to meet with him, at which time he asked her detailed questions about her medical treatment and efforts to become pregnant. Msgr. Kuzmich asked Herx whether she was aware that IVF was against Church teachings (she was not). Herx asked whether her job was in jeopardy and Msgr. Kuzmich replied that he was not sure. Msgr. Kuzmich remarked that if Herx had not told anyone about it they "wouldn't be here." Herx is the only teacher to have been terminated (or non-renewed) for a reason unrelated to job performance in the twenty-seven years that Msgr. Kuzmich was the Pastor of St. Vincent de Paul Church and School. Herx is the only teacher who Msgr. Kuzmich ever questioned about potential violations of Church teachings or laws.

  On June 12, 2014, Appellants filed a Motion for Summary Judgment seeking dismissal of all of Herx's claims as a matter of law. On September 3, 2014, the District Court granted Appellants' Motion for Summary Judgment in part and denied it in part. Dkt. 1-1, pp. 23-52. The

District Court summarily dismissed the disability discrimination claim, but denied the motion as to the gender/pregnancy discrimination claim. *Id*. The District Court did not certify its order for interlocutory review. *Id*. Appellants did not file a motion seeking certification of an interlocutory appeal. The case is set for jury trial to commence on December 16, 2014.

On September 12, 2014, Appellants filed a Notice of Appeal in an attempt to challenge the denial of summary judgment on the gender/pregnancy discrimination claims. Dkt. 1-1, pp. 18-20. Appellants contend that portions of the District Court's Order violated their "statutory and/or constitutional rights and immunities." *Id*. At no time prior to filing the Notice of Appeal did Appellants claim protection by any "immunities." The Answer to Complaint contains no affirmative defense sounding in immunity. The Motion for Judgment on the Pleadings, which was fully briefed and argued, made no claim of immunity. The Motion for Summary Judgment similarly omits mention of "immunity", other than a block quote from *Korte v. Sebelius*, 735 F.3d 654, 678 (7th Cir. 2013).[1]

Appellants now seek to appeal the following parts of the District Court's Order:

1) Denial of the "application of the statutory religious employer exemptions under 42 U.S.C. §2000e – 1(a) and 42 U.S.C. §2000e – 2(e)(2) to the Diocese, as a religious employer, concerning its religiously based employment decision at issue in Plaintiff's sex discrimination claim under Title VII of the Civil Rights Act of 1964, as amended, including the Pregnancy Discrimination Act, 42 U.S.C. §2000e *et seq*. ('Title VII');"

---

[1] Appellants waived any immunity defense by waiting to the eleventh hour to articulate it in a Notice of Appeal of the second dispositive motion ruling in the case. *See Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735-736 (7th Cir. 2004).

2) Denial of "the Diocese's First Amendment defenses to the constitutionality of Title VII as applied in this case if the above referenced statutory exemptions are not applied;"

3) The finding of a genuine issue of material fact on the point "that Catholic Church teachings on the morality of in vitro fertilization, which the Diocese claims apply to both men and women, are not gender neutral;" and

4) The holding "that the sincerity of the Diocese's religious beliefs about the morality of in vitro fertilization as the basis for the adverse employment action at issue and the gender-neutrality of the Diocese's prospective application of those religious beliefs to any male employee of the Diocese who may be discovered in the future to be engaging in in vitro fertilization procedures are for a jury to decide."

*Id.* Appellants have not sought permission for interlocutory appeal either from the District Court or this Court.

Appellants filed their docketing statement (three days late) on September 22, 2014. Dkt. 4. Appellee filed her docketing statement the same day, asserting that appellate jurisdiction is lacking. Dkt. 8.

### III.   Argument

The Court of Appeals lacks jurisdiction here. "The courts of appeals…shall have jurisdiction of appeals from all final decisions of the district courts of the United States…." 28 U.S.C. §1291. An order denying summary judgment "is not a 'final order or decision' within the meaning of that section." *Pacific Union Conf. of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1306 (1977). Thus, it is not appealable under §1291.

### A.     Certification of Interlocutory Appeal Has Not Been Requested or Granted.

As an interlocutory order, the summary judgment decision "is reviewable only pursuant to the provisions for interlocutory appeal set forth in 28 U.S.C. §1292(b)." *Id*. As a condition of appeal, the District Court must certify its order as appropriate for interlocutory appeal. 28 U.S.C. §1292(b). Unsurprisingly, the District Court has not done so here. Dkt. 1-1, pp. 23-52. Furthermore, even if the District Court had certified its order, Appellants would have been required to file a petition for permission to appeal with the Seventh Circuit, rather than proceed with the filing of a Notice of Appeal. Fed. R. App. Pro. 5(a). Appellants have followed none of the required steps to appeal the partial denial of a motion for summary judgment on an interlocutory basis.  Section 1292(b) does not permit this appeal.

### B.     The Collateral Order Doctrine Has No Application Here.

With no statutory basis for appeal, Appellants claim application of the collateral order doctrine. Under that doctrine, "a decision of a district court is appealable if it falls within 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Mitchell v. Forsyth*, 472 U.S. 511, 524-525 (1985) (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546 (1949)). An order is appealable under this doctrine if it "(1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the underlying action; and (3) is effectively unreviewable on appeal from a final judgment." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 105 (2009). Alternatively, Appellants claim application of the practical finality doctrine and/or "review of an interlocutory order…if the order has both the effect of granting or refusing an injunction and if 'an appeal will further

the statutory purpose of permitting litigants to effectually challenge interlocutory orders of serious, perhaps irreparable consequence.'" Dkt. 4. This second alternative is not applicable at all, because none of the parties have sought an injunction in this case, and the District Court has not granted or refused any injunctions.

None of the four issues delineated in the notice of appeal meets the collateral order doctrine's test. Appellants seek to appeal: (1) a rejection of their argument that the Title VII statutory exemption for religious discrimination by religious employers applies to claims of gender and pregnancy discrimination; (2) a rejection of their as-applied First Amendment defense; (3) a finding that genuine issues of material fact exist on the question of whether employment decisions based on IVF are "gender neutral"; and (4) a rejection of their argument, at the summary judgment stage only, that Appellants would end the employment of a male employee for participating in IVF. Dkt. 1-1, pp. 18-20. Each of these issues would be appealable following a final judgment entered on a jury verdict. Thus, this appeal fails the third element of this test. This appeal fails Appellants' "alternative" basis under the "practical finality doctrine" for the same reason. In addition, the last two issues Appellants raise are neither separate from the merits of the underlying claims, nor have they been conclusively determined, because, as Appellants' own description concedes, they will need to be resolved at trial by a jury deciding whether Appellants discriminated against Herx.

        1.       **Title VII Statutory Exemptions.**

When briefing the Motion for Summary Judgment in the District Court, Appellants argued that Herx's claims were precluded by statutory exemptions for religious employers.[2] 42 U.SC. §2000e-1(a); 42 U.S.C. §2000e-2(e)(2). Herx argued successfully that the Title VII

---

[2] Appellants made the same failing argument on a Motion for Judgment on the Pleadings, which was denied and not appealed.

6

exemptions only apply to claims of religious discrimination, but not other Title VII claims, including her gender and pregnancy based claims. In the absence of binding precedent from the Seventh Circuit on this question, the District Court relied on the text of the statute, the legislative history, and cases from other circuits. Dkt. 1-1, pp. 31-36. The District Court held that the religious employer statutory exemptions in Title VII apply to religious discrimination claims, but do not apply to Herx's gender and pregnancy discrimination claims. *Id.* The District Court's decision comports with decisions from the Third, Fourth, Sixth, and Ninth Circuits. *Petruska v. Gannon Univ.*, 462 F.3d 294, 303 (3d Cir. 2006); *Rayburn v. General Conf. of Seventh-Day Adventists*, 772 F.2d 11664, 1166 (4th Cir. 1985); *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 192 (4th Cir. 2011); *Boyd v. Harding Academy of Memphis, Inc.*, 88 F.3d 410, 413 (6th Cir. 1996); *EEOC v. Pacific Press Publishing Ass'n*, 676 F.2d 1272, 1279 (9th Cir. 1982). Neither party nor the District Court identified a single case where the statutory exemptions had been applied to a gender discrimination claim. Appellants ask this Court to break from all other circuits on this issue.

  Appellants may pursue this argument on a post-trial appeal.  The collateral order doctrine does not authorize this appeal because this order will be fully reviewable after trial.

  Appellants now claim (without authority) that the statutory exemptions provide "immunity" from standing trial (rather than immunity from liability), which they claim (again without authority) places their argument under the collateral order doctrine. Dkt. 4. Notably, Appellants first argued that the statutory exemptions afford them "immunity" or "immunities" in the Notice of Appeal. Dkt. 1-1, pp. 18-20. Herx concedes that certain immunity claims are subject to the collateral order doctrine. *Mitchell*, 472 U.S. at 530. However, Appellants waited until their Notice of Appeal to first express a claim of immunity. Appellants plead no immunity

based affirmative defense in their Answer. Appellants raised no immunity defense in their Motion for Judgment on the Pleadings (either in opening or reply briefs or at oral argument) or in the Motion for Summary Judgment.³ Now that Appellants have failed on two dispositive motions and face a jury trial in fewer than ninety days, they claim "immunity from trial."

Appellants cite *Korte v. Sebelius*, which contains a brief reference to the church-autonomy principle as operating "as a complete immunity, or very nearly so." 735 F.3d 654, 678 (7th Cir. 2013). Appellants argue that *Korte* supports the view that their defense under the Title VII statutory exemptions is subject to the collateral order doctrine. First, *Korte* was a RFRA case, and its description of the Title VII statutory exemptions were dicta. *Id. Korte* does not explain or describe the scope of immunity, if any, conferred by the statutory exemptions. *Id.*; *see also Segni v. Commercial Office of Spain*, 816 F.2d 344, 346 (7th Cir. 1987) ("Words like 'immunity,' sometime conjoined with 'absolute,' are often used interchangeably with 'privilege'…without meaning to resolve issues of appealability"). Describing a defense as an "immunity" does not trigger application of the collateral order doctrine. See *Segni*, 816 F.2d at 346. Not a single case has been identified where a ruling on the applicability of Title VII statutory exemptions was determined to be immediately appealable under the collateral order doctrine. This is not the right case to decide whether to apply the collateral order doctrine as a matter of first impression, in part because the substantive law on the underlying question overwhelmingly favors Herx.

---

³ Appellants only referred to immunity in their brief in a block quote from *Korte v. Sebelius*, and made a single reference at oral argument to the Church having "blanket immunity for a religiously based decision of a religious rule."

8

The District Court's order rejecting application of the statutory exemptions to Herx's gender and pregnancy discrimination claims does not meet the required criteria for an immediate appeal under the collateral order doctrine.

### 2.     First Amendment Defense.

Appellants argued alternatively that, if the Title VII statutory exemptions did not apply, then the application of Title VII would be unconstitutional as applied to them, under the religion clauses of the First Amendment. The District Court held otherwise both on the Motion for Judgment on the Pleadings and again on the Motion for Summary Judgment. Dkt. 1-1, pp. 49-51. Appellants now seek a third bite at the apple before trial. First Amendment defenses are not subject to the collateral order doctrine, as this Court has explained. *Segni*, 816 F.2d at 345. In *Segni*, this Court considered appellate jurisdiction in two cases. *Id*. The first case, entitled *Creek v. Shell Development Corporation*, was an attempted appeal of the denial of a motion to dismiss based on the petition clause of the First Amendment. *Id*. The Court described circumstances under which the denial of a constitutional right (such as the rejection of a double-jeopardy defense), would violate a right not to bear the burden of the suit itself, rather than merely for liability of the claim. *Id*. The Court found that the First Amendment did not fall within this narrow category, stating "[i]t is quite a leap, though, to say that any time a motion to dismiss on First Amendment grounds is denied, the defendant can appeal the denial, on the theory that the failure to dismiss the suit at the earliest opportunity is itself an infringement of the defendant's First Amendment rights." *Id*. Thus, the Court dismissed the appeal in *Creek. Id.* at 346.

Appellants' appeal involves the religion clauses, rather than the petition clause, and a denial of summary judgment, rather than a motion to dismiss, but the result should be the same. Appellants will have an opportunity to pursue their First Amendment defense on appeal

following trial. Although Appellants now claim "immunity" from trial, "the description of a defense as an 'immunity' rather than a privilege or affirmative defense…does not resolve the issue whether the denial of the immunity is a collateral order." *Segni*, 816 F.2d at 346. Appellants have not explained how their First Amendment rights under the religion clauses include the right not to stand trial, or cited any supporting authority. Although Appellants cited three cases from the District of Columbia Court of Appeals in their docketing statement, those decisions are not binding on this Court, and should not be followed in light of *Segni* (which Appellants omit from their Docketing Statement). Dkt. 4. Thus, the District Court's order rejecting the First Amendment defenses fails to meet the requirements of the collateral order doctrine.[4]

### 3.     Catholic Church Teachings on the Morality of IVF.

Appellants argue that the District Court "found that Catholic Church teachings on the morality of in vitro fertilization, which the Diocese claims apply to both men and women, are not gender neutral." Dkt. 1-1, pp. 18-20. The District Court actually found that there was sufficient direct evidence of gender discrimination to take this issue to a jury. Dkt. 1-1, pp. 39-42. The "Catholic Church teachings on the morality of in vitro fertilization" are not relevant to the resolution of this case. Herx does not question or challenge the Church's teachings. Relying on *Hall v. Nalco*, Herx claims that an employer's policy or practice which punishes participants in IVF is not gender neutral, but is, in fact, evidence of gender and pregnancy discrimination. 534 F.3d at 648-649. The District Court agreed, holding that there was direct evidence to support Herx's claim for gender discrimination. Dkt. 1-1, pp. 39-42. As this Court recognized in *Hall v.*

---

[4] Appellants did not articulate which religion clause of the First Amendment would be violated, or which test should be applied, in their Motion for Summary Judgment.

10

*Nalco*, men may participate in IVF without missing time from work, but women necessarily must miss work for surgery. 534 F.3d at 648-649.

This is not a collateral issue separate from the merits of the underlying claim – it concerns an issue at the heart of case, and one that will ultimately have to be resolved by a jury. Again, Appellants satisfy none of the elements of the collateral order doctrine: the District Court did not conclusively determine this issue, but deferred it for ultimate resolution by a jury. The issue is not conceptually distinct from the merits of Herx's gender discrimination claim; without it, she would have to rely on indirect and comparator evidence to prove her claim (evidence that the District Court did not consider in its Order on summary judgment). Finally, Appellants can appeal this issue following trial (which would likely require them to ask this Court to overrule *Hall v. Nalco*).

### 4. Sincerity of Religious Beliefs.

Appellants assert that the District Court "ordered that the sincerity of the Diocese's religious beliefs about the morality of in vitro fertilization as the basis for the adverse action at issue and the gender-neutrality of the Diocese's prospective application of those religious beliefs to any male employee of the Diocese who may be discovered in the future to be engaging in in vitro fertilization procedures are for a jury to decide." Dkt. 1-1, pp. 18-20. Appellants claim that sincerely held religious beliefs provide them with a legitimate, non-discriminatory reason for the challenged adverse employment action in this case. The District Court properly held that there was direct evidence to support Herx's gender and pregnancy discrimination claims, and did not address the issue of pretext. Dkt. 1-1, pp. 39-42. This is not a collateral order because the District Court left this issue to be resolved by a jury, rather than determining it as a matter of law. Furthermore, this issue directly relates to the proof of Herx's gender and pregnancy

discrimination claims, so it is not at all separate from the merits. Finally, Appellants will be able to appeal following trial if they believe that any jury instructions were erroneously given. This issue meets none of the three elements of the collateral order doctrine.

Herx is mindful of *McCarthy v. Fuller*, in which this Court permitted an appeal under the collateral order doctrine of a ruling by the District Court that a jury should decide whether Patricia Fuller (one of the parties to that case) was a member of the Roman Catholic religious order. 714 F.3d 971, 976 (7th Cir. 2013). This was because a religious body had already decided this question, and a "secular court may not take sides on issues of religious doctrine." *Id*. at 975-976. Herx's case is distinguishable from *McCarthy* because she is not asking the Court to take sides on issues of religious doctrine. Herx has conceded both that she participated in IVF treatments and that Catholic Church teachings prohibit IVF. Moreover, *McCarthy* did not involve Title VII claims at all, but a defense to a defamation claim. *Id*. at 974-975.

Herx's legal claims do not question or challenge the sincerity of Appellants' religious beliefs, and she will not ask the jury to question the sincerity of those beliefs. The question for the jury to resolve, as the District Court stated, is whether Herx's "contract would have been renewed had she been male and everything else remained the same." Dkt. 1-1, p. 42. This question can be resolved without determining the sincerity of Church teachings or beliefs on IVF, and without taking sides on religious doctrine. As the District Court recognized, it is consistent with the standard instructions that are given to juries in almost all Title VII cases. Dkt. 1-1, pp. 50-51. The District Court determined that a jury can resolve factual disputes on the Title VII claims without "conducting its own secular analysis of Roman Catholic doctrine on in vitro fertilization." *Id.* Thus, the appeal should be dismissed as premature. *See McCarthy*, 714 F.3d at 979 ("The district court denied the motion [for summary judgment] on the ground that the

property dispute can be resolved without getting into religious questions. That indeed may be possible").

### IV.     Conclusion

This appeal wholly lacks any basis for appellate jurisdiction under the collateral order doctrine or 28 U.S.C. §§1291-1292. Appellee Emily Herx respectfully requests that this Court immediately dismiss Appellants' appeal, and remand the case back to the Northern District of Indiana to allow the jury trial to commence on December 16, 2014, as scheduled.

Respectfully submitted,

*/s/ Kathleen A. DeLaney*_____
Kathleen A. DeLaney
Attorney for Plaintiff/Appellee
Emily Herx

DeLaney & DeLaney LLC
3646 North Washington Boulevard
Indianapolis, IN 46205
Ph 317.920.0400
Fx 317.920.0404

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 26, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                */s/ Kathleen A. DeLaney*_____
                Kathleen A. DeLaney
                Attorney for Plaintiff/Appellee
                Emily Herx